IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ONE OPPORTUNITY RECORDS, LLC | ) | CASE NO.: |
| 6118 Havens Road | ) | |
| Gahanna, OH 43230, | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JARED MULLINS | ) | **COMPLAINT FOR COPYRIGHT** |
| 3510 Columbia Road | ) | **INFRINGEMENT, BREACH OF** |
| Westlake, OH 44145, | ) | **CONTRACT AND DEFAMATION** |
| | ) | |
| Defendant. | ) | |

Plaintiff One Opportunity Records ("Plaintiff"), for its Complaint against Jared Mullins ("Defendant"), states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. One Opportunity is a limited liability company organized under the laws of the State of Ohio with a principal place of business in Gahanna, Ohio. One Opportunity is in the business of promoting and marketing musicians and other artists.

2. Defendant is an individual residing in Westlake, Ohio and is a musician and songwriter, as well as a member of the band Holy Roller Baby.

3. This Court has subject matter jurisdiction over this action because Defendant's conduct, in addition to breaching the parties' contract, violates the Copyright Act, 17 USC § 101 *et seq*. This Court has supplemental jurisdiction over One Opportunity's other claims against Defendant under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because he is a resident of the State of Ohio and because he engaged in misconduct that caused injury to One Opportunity in this District.

1

5. Venue is proper in this District under 28 U.S.C. § 1391 and 28 USC § 1400(a), because Defendant's acts of infringement of One Opportunity's rights under the Copyright Act have occurred and caused harm in this District and because the Artist and Record Label Master Recording License Agreement (the "Agreement") to which One Opportunity and Defendant are parties expressly provides that any action or proceeding pertaining to the Agreement will be filed in Franklin County, Ohio.

6. A true and correct copy of the Agreement is being filed with this Complaint as Exhibit 1.

## FACTUAL BACKGROUND

7. Under the Agreement, Defendant, as Artist, represented that he is "the owner of Masters embodying the recorded performances of the Artist which contains the Compositions listed on Schedule A (collectively the 'Licensed Masters' or 'Licensed Master')." *See* Ex. 1, Agreement § 1(a).

8. The Licensed Masters include Defendant's preexisting LP albums titled "Smile Like Heaven" and "Frenzy" and the songs contained therein and the singles titled "How to Love a Ticking Time Bomb," "Love Won't Let Me Go," and "A Girl Like You." Ex. 1, Agreement § 1(b). Defendant has reduced all of the Licensed Masters to recordings, thus bringing them within the scope of the Copyright Act.

9. Among other things, the Agreement gave One Opportunity, as Company, exclusive rights to "manufacture or create Audio Products and Audiovisual Products from the Licensed Masters and to sell, distribute, license, or otherwise use the Licensed Masters in Audio Products and Audiovisual Products in any or all fields of use, by any method now or hereafter known, upon such terms and conditions as Company may elect." *See* Ex. 1, Agreement § 2(a)(1).

10. The Agreement also gave One Opportunity exclusive rights to "advertise, publicly perform, and broadcast the Audio Products and Audiovisual Products derived from the Licensed Masters, or grant third parties such right, on a non-exclusive basis." *See* Ex. 1, Agreement § 2(a)(2).

11. The Agreement also gave One Opportunity "the exclusive worldwide right to produce, manufacture, and distribute Audiovisual Products derived from Audiovisual Recordings for commercial and/or promotional purposes." *See* Ex. 1, Agreement § 11.

12. The Agreement also provided for One Opportunity to develop Artwork to promote Defendant's music, and under the Agreement, "Company shall be the owner of the copyright in all Artwork created for the exploitation of the Masters and the Artist during the term as a work made for hire." Ex. 1, Agreement § 8.

13. The Agreement also gave One Opportunity rights with respect to websites and social media promoting Defendant's music: "Company or its designees shall have the [ ] exclusive right during the Term of this Agreement [which was ten years, *see* Ex. 1, Agreement, § 3(a)] to create and maintain its own web site ("Web Site") and/or social media websites (e.g., Facebook) for purposes of promoting Artist and the sale of Artist's Audio Products" and "During the Term, Company and Artist will have joint mutual administrative access to the Web Site." *See* Ex. 1, Agreement § 9(c).

14. The Agreement further provides that "[i]f any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees, costs, and necessary disbursements in addition to any other relief to which such party may be entitled."

4915-1952-4495, v.3

15. In reliance on Defendant's promises under the Agreement, One Opportunity has expended tens of thousands of dollars setting up social media platforms for Defendant and otherwise promoting Defendant's works.

16. However, Defendant has failed and refused to abide by his obligations to One Opportunity, in derogation of One Opportunity's rights both under the Agreement and under the Copyright Act.

17. Since signing the Agreement, Defendant has removed account access to the Holy Roller Baby Facebook page, Instagram page and TikTok page for the owners, agents, and contractors of One Opportunity.

18. Defendant has also blocked the owners, agents, and contractors of One Opportunity Records from viewing content on the Holy Roller Baby Facebook page, Instagram page and TikTok page.

19. Defendant has also removed account access to the Holy Roller Baby "Spotify for Artists" account for the owners, agents, and contractors of One Opportunity.

20. On or about December 20, 2025, One Opportunity provided notice to Defendant of the foregoing breaches of contract and demanded compliance by Defendant with his obligations under the Agreement. A true and correct copy of this demand is being filed with this Complaint as Exhibit 2.

21. Not only has Defendant failed and refused to remedy these breaches of the Agreement, Defendant has also undertaken his own promotion and marketing of the Licensed Masters and the Artwork, despite granting One Opportunity the exclusive rights to same.

22. One Opportunity has learned that Defendant was separately distributing his album *Frenzy* – to which One Opportunity had exclusive rights – on his own.

23. On January 19, 2026, One Opportunity sent Defendant a notice regarding his continuing breaches as identified in the December 20 letter and of the additional violations of One Opportunity's rights that had been discovered. A true and correct copy of the January 19, 2026 notice is being filed with this Complaint as Exhibit 3.

24. Notwithstanding receipt of these demands, Defendant remains in breach of his obligations under the Agreement and continues to violate One Opportunity's rights.

25. Additionally, Defendant has knowingly made false statements to third parties, misrepresenting One Opportunity's business practices and falsely accusing One Opportunity of cheating Defendant. Among others, Defendant contacted another artist who signed with one opportunity, and two contractors who perform marketing services for One Opportunity, in December 2025 and made false and defamatory statements disparaging One Opportunity's principal and its business practices.

26. One Opportunity has tried, without success, to obtain Defendant's compliance with his contractual obligations and to refrain from making false statements about One Opportunity, including requesting that Defendant participate in mediation pursuant to Section 25 of the Agreement. *See* Ex. 3. Defendant has refused. Accordingly, One Opportunity brings the instant action.

## COUNT ONE
## COPYRIGHT INFRINGEMENT

27. One Opportunity restates and realleges the foregoing paragraphs of this Complaint as if fully rewritten herein.

28. The Licensed Masters, the Artwork and the other intellectual property subject to the Agreement are subject to protection under the Copyright Act, and Defendant granted One Opportunity exclusive rights with respect to same.

29. Defendant has infringed on One Opportunity's Copyright Act rights, by, among other things, promoting *Frenzy* without One Opportunity's permission, denying One Opportunity access to social media and other platforms containing Licensed Masters and Artwork, and otherwise using the intellectual property to which One Opportunity has exclusive rights.

30. As a direct and/or proximate result of the Defendant's wrongful conduct, One Opportunity has been irreparably harmed, suffered damage, and Defendant has profited in an amount to be determined at trial.

31. Defendant's conduct was willful and knowing, and it is not expected that Defendant's conduct will abate in the future.

32. One Opportunity is thus entitled to awards of statutory or actual damages for Defendant's willful infringement, as well as temporary, preliminary and permanent injunctive relief, precluding Defendant, and all those acting in concert with him, from further violating One Opportunity's rights under the Copyright Act.

## COUNT TWO
## BREACH OF CONTRACT

33. One Opportunity restates and realleges the foregoing paragraphs of this Complaint as if fully rewritten herein.

34. An enforceable contract existed between One Opportunity and Defendant, under which Defendant was contractually obligated to honor One Opportunity's exclusive rights with respect to Defendant's works and to permit One Opportunity access to the social media and other platforms set up to promote same.

35. One Opportunity performed all conditions precedent to Defendant's obligations under the Agreement.

36. Defendant breached the contract by engaging in the conduct described above.

4915-1952-4495, v.3

37. As a direct and proximate result of Defendant's breaches of contract, One Opportunity has been damaged in an amount to be proven at trial.

## COUNT THREE
## DEFAMATION

38. One Opportunity restates and realleges the foregoing paragraphs of this Complaint as if fully rewritten herein.

39. Defendant has knowingly made false statements to third parties, misrepresenting One Opportunity's business practices and falsely accusing One Opportunity of cheating Defendant.

40. At the time that Defendant made his false statements about One Opportunity, Defendant knew that his statements were false or acted with reckless disregard as to their truth or falsity.

41. As a direct and proximate result of Defendant's defamatory conduct, One Opportunity has been damaged in an amount to be proven at trial.

42. Defendant's conduct was willful, wanton and malicious, justifying awards in One Opportunity's favor of punitive damages and attorney fees.

43. The damage suffered by One Opportunity cannot be fully compensated at law, so One Opportunity is also entitled to temporary, preliminary and permanent injunctive relief, precluding Defendant, and all those acting in concert with him, from further defaming One Opportunity.

**WHEREFORE**, Plaintiff One Opportunity Records, LLC respectfully requests the following:

a) Compensatory damages in an amount to be proven at trial;

4915-1952-4495, v.3

b) Statutory damages under the Copyright Act for Defendant's willful infringement of One Opportunity's rights under the Act;

c) Temporary, preliminary and permanent injunctive relief, precluding Defendant, and all those acting in concert with him, from further violating One Opportunity's rights under the Copyright Act;

d) Temporary, preliminary and permanent injunctive relief, precluding Defendant, and all those acting in concert with him, from further defaming One Opportunity;

e) Punitive damages to punish Defendant for his willful defamation of One Opportunity;

f) Pre- and post-judgment interest;

g) The costs incurred herein, including attorney's fees; and

h) Such other relief that is warranted as determined by the Court.

Respectfully submitted,

*/s/ Ronald M. McMillan*
Ronald M. McMillan (0072430)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
(216) 622-8200
(216) 241-0816 (fax)
rmcmillan@calfee.com

Gretchen L. Whaling (0096780)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 621-1500 (Phone)
(614) 621-0010 (Fax)
gwhaling@calfee.com

*Attorneys for Plaintiff One Opportunity Records, LLC*